[Civ. No. 2527.    First Appellate District.    Division One.—November 29, 1918.]

## FRANK DIMOND, Respondent, *v.* BESSEMER GAS ENGINE COMPANY (a Corporation), Appellant.

PRINCIPAL AND AGENT—EXISTENCE OF AGENCY—INSUFFICIENCY OF EVIDENCE.—In this action, based on a claim of a contract of agency, to recover money alleged to have been expended by plaintiff on account of the defendant, it is held that the evidence fails to show the existence of any contract whatever between plaintiff and defendant.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.    Reversed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche and Louis V. Crowley for Appellant.

Frank W. Taft and G. E. Redwine for Respondent.

THE COURT.—This action was brought by plaintiff to recover the sum of $2,995 for money alleged to have been laid out and expended by him on behalf of defendant, and for damages. Judgment went for plaintiff in the amount prayed for, and this appeal is from the judgment and from an order denying defendant's motion for a new trial.

The cause of action was based upon a contract of agency claimed to have been entered into between plaintiff and defendant. Several grounds are relied upon for a reversal, but as we view the evidence, we are of the opinion that it fails to show that any contract whatever existed between plaintiff and defendant, and our consideration of the case may be confined to this question alone.

The evidence may be summarized as follows: Defendant is a foreign corporation engaged in the manufacture of gas-engines in the state of Pennsylvania. On the twenty-first day of March, 1912, it entered into a written contract with one Julius Beeman for the sale of its engines in the states of Arizona and California. In the latter state Kern County and

the oil fields were excepted from the operation of the contract for the reason that defendant in these locations maintained its own sales force and employees, and sold directly to the trade. Under the terms of his contract Beeman agreed to cover all but the excepted territory with a selling organization, and to manage the same, and any of the stated territory not looked after by Beeman was under the agreement to be considered open territory by defendant company. It was expressly stipulated in the contract that Beeman was to be a dealer merely, and that the company would assume no liability for expenses or debts contracted by Beeman. The contract further provided that Beeman was to install the engines sold by him without cost or expense to the company. The compensation which Beeman was to receive under the contract was the difference in the costs of the engines to him, which was fixed by schedule attached to the contract, and the amount he received from the purchaser.

After the execution of this contract between the parties Beeman organized his sales force in the territory contracted for. In the state of California he did business under the firm name of "The Bessemer Company." On or about June 23, 1912, Beeman and plaintiff entered into a written contract, whereby the latter became a member of Beeman's selling organization in California. This contract provided in substance that plaintiff should canvass certain allotted territory for Beeman; that at his own expense he should open and maintain an office in San Francisco; that within a given period of time he should sell at least twelve thousand dollars' worth of engines, basing this sum on the cost price to him, and as compensation for his services that he should receive the difference between the cost of the engines to him as fixed by Beeman, and the amount paid for them by the purchaser. This was the only compensation he was to receive for his services. This contract was made in conformity with the contract Beeman had with the defendant company, the terms of which plaintiff was familiar with, it being expressly made a part of his contract. Upon the conclusion of this arrangement plaintiff opened offices and proceeded to canvass for the engines he had contracted to sell. He obtained certain orders, but experienced difficulty in making deliveries. The delay in this respect was due to factory strikes and other troubles that defendant company was contending with. Plaintiff's agreement with Beeman made no

provision for expenses incurred by him in selling the engines, such expenditures being a matter which he was to assume.

Shortly after plaintiff had entered upon the performance of his contract, and constantly thereafter, he complained to Beeman that his own resources were exhausted, and he solicited and obtained aid from Beeman from time to time in the way of advancement of commissions to enable him to continue in his work, for which he gave Beeman his note as security. Other evidence in the case clearly shows that the claimed relation of agency never existed. The record is a voluminous one, and the evidence in part consists of numerous letters written by plaintiff to defendant and Beeman. The letters conclusively establish the status of plaintiff and show that he was a mere employee of Beeman, and not an agent of defendant as contended. Almost immediately after his employment plaintiff commenced to address these communications to defendant company. Defendant objected to this practice on the part of plaintiff and complained to Beeman about it, stating that it did not wish to become in any manner involved with Beeman's sales force. Beeman notified plaintiff of defendant's objection to his habit of letter writing, but notwithstanding this fact plaintiff continued in the practice. In one of these letters a loan is requested of defendant by plaintiff in order to enable him to continue in his employment with Beeman; and in another, and after he had been discharged, he sought employment directly with defendant company. His discharge followed the collection by him of certain sums for engines sold which he had failed to turn over to Beeman. For this act he was arrested and charged with embezzlement. Upon this charge he was acquitted. It appears herein from his own testimony that upon such trial plaintiff testified that he was an employee of Beeman, and that he never had any contract with defendant whatever, and further that he was selling gas-engines for Beeman and not for the defendant, and that in making such sales he signed his contracts as a salesman for Beeman and not for defendant, and that all his orders were forwarded directly to Beeman.

We do not deem a further discussion of the evidence necessary. Suffice it to say that there is nothing in the record to show that any contract ever existed between plaintiff and defendant, except evidence of statements made by Beeman at the trial of plaintiff for embezzlement to the effect that plaintiff

was an agent of defendant, and of other statements made by the same witness concerning reimbursements that the company might make. These statements were mere conclusions of the witness, in no manner binding upon defendant, and were improperly admitted.

It is not claimed that defendant ever directly employed plaintiff. His claim is based upon the theory that Beeman was an agent for the company, and that as such he had the power and did employ plaintiff, and that under his employment the claimed expenditures were made by him in furtherance of defendant's business. His contract and the evidence conclusively show otherwise. Even if it be assumed that the evidence did show such a relation to have existed, still we are of the opinion that plaintiff cannot recover. No question of ostensible agency is here involved. Plaintiff, before his employment, had knowledge of and understood the terms and provisions of Beeman's contract, for they were a part of his own, and under that contract the right to bind defendant company was expressly denied to Beeman. Plaintiff's claim, if any he has, is one against Beeman and not the defendant company, with whom he had no contractual relations, either express or implied. There is no foundation in the evidence upon which the judgment rendered can be based. This being so, the order and judgment are reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1919.

All the Justices concurred.